## No. 7044.

SUCCESSION OF JOHN L. POINTER. ON OPPOSITION OF MESSRS. BARROW & POPE AND V. J. DUPUY.

This court has not jurisdiction of a suit against the executor of a succession, when the amount claimed is less than $500, and it further appears that all the assets of the succession have passed into the hands of the heirs.

APPEAL from the Parish Court of Iberville parish.    *Crowell, J.*

*Samuel Matthews* for executor and appellant.
*Geo. Wailes* for Barrow & Pope, opponent and appellee.
*Ed. B. Talbot* for V. J. Dupuy, appellant.

The opinion of the court was delivered by

DEBLANC, J.    In this case, we have before us three parties: the law

firm of Barrow & Pope and V. J. Dupuy—now, and so far as we are informed by the pleadings and evidence, the only creditors of the succession of John L. Pointer; and Gervais Schlatre, the executor of said deceased's last will. Those creditors claim against the succession—the first, the sum of two hundred and fifty dollars, with the privilege allowed to attorneys by the 128th section of the Revised Statutes—the other, the sum of one hundred and four dollars, the amount of a judgment obtained by him against said succession. Those creditors claim that the fees and judgment due to them should be paid—by preference—out of a sum of one thousand dollars received by the executor, for said succession, on the sixth of May 1872, subsequent to the homologation of his final account. This is proved and admitted.

To those creditors' demand, the executor's answer is that he has paid, under orders of the parish court, all the money that has come into his hands, except the aforesaid sum of one thousand dollars, which—without any order of court, but with the consent of the universal legatee of John L. Pointer, he has paid—on the sixth of May 1872—to Mr. Matthews, an attorney-at-law, by whom he was represented as executor in an important suit reported in the 24th A. That the whole of whatever composed the succession of said Pointer, has been delivered to his legatee, and that he has now neither money, nor property belonging to said succession. This is not denied by the creditors, and this is shown by the evidence.

The executor's statement of the disposition made of the sum of one thousand dollars, was—as would have been a regular account rendered by him, opposed by Messrs. Barrow & Pope, on the ground that said amount was recovered to the succession by their professional exertions, and that the privilege securing the payment of their fee for said collection, bears on the amount so recovered by them. As to Dupuy. his opposition is based on his judgment.

The opposition of Messrs. Barrow & Pope was sustained, that of Dupuy dismissed, and he and the executor have appealed.

Is this a case of which we have jurisdiction? The amounts involved in it, whether we consider them together or separately, are under five hundred dollars. There are no funds to be distributed—no dispute as to the correctness of Mr. Matthews' claim—no dispute as to the validity of Dupuy's judgment—no dispute as to the character and amount of the account of Messrs. Barrow & Pope. The succession of John L. Pointer is closed and has passed to his universal legatee. Under these circumstances, we can not entertain jurisdiction of this case.

The appeals taken by Dupuy and the executor from the judgment of the lower court are—therefore—dismissed at their costs.